# IN THE COURT OF APPEALS OF IOWA

No. 20-0595
Filed August 5, 2020

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**L.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

The father appeals the termination of his parental rights to his child. **AFFIRMED.**

Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**POTTERFIELD, Senior Judge.**

The father appeals the termination of his parental rights to his child, J.S.[1] The juvenile court terminated his parental rights pursuant to Iowa Code section 232.116(1)(h) (2020).[2] The father does not contest the statutory ground for termination. He maintains termination of his rights is not in J.S.'s best interests and argues he should be given additional time to work toward reunification.

J.S. was born in June 2018 with serious medical issues. At the time of her birth or shortly thereafter, the Iowa Department of Human Services became concerned that J.S. was exposed to illegal drugs in utero. When asked, both parents admitted to using methamphetamine multiple times per week in the months preceding J.S.'s birth. J.S. was formally removed from the parents' care in September while she remained in the hospital. Upon her discharge in October, J.S. went to live with her maternal grandmother. She remained in the grandmother's care and custody throughout the pendency of the termination proceedings.

---

[1] The mother's parental rights were also terminated. She filed a timely notice of appeal, but she failed to file a petition on appeal within fifteen days, pursuant to Iowa Rule of Appellate Procedure 6.201(1)(b). Our supreme court dismissed the mother's appeal before transferring the case to us.

[2] The juvenile court can terminate the rights of a parent pursuant to section 232.116(1)(h) when it finds all of the following:
  (1) The child is three years of age or younger.
  (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
  (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
  (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father was arrested for second-degree theft in late 2018 and remained in jail until he pled guilty to the charge. He was placed on probation and ordered to reside at a residential facility. The father continued to use methamphetamine while living at the residential facility. His probation was revoked, and the original fifteen-year indeterminate prison sentence was imposed. The father was in prison at the time of the termination hearing in February 2020. He testified that his mandatory minimum sentence would be discharged in April 2020 and he hoped to be released on parole in August or September. He anticipated spending three to six months in a residential facility after his release from prison. If required to serve his full sentence, the father's tentative discharge date is in 2026. According to the father, the four months he spent in prison leading up to the termination hearing was his longest period of sobriety since J.S.'s birth.

The father maintains termination of his parental rights is not in J.S.'s best interests. In support of this claim, he argues that he is bonded with his daughter and was sober for several months leading up to the termination hearing. In considering the best interests of the child, we are required to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code §.116(2); *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (rejecting the court's use of "its own unstructured best-interest test"). While we recognize the father loves J.S., he has spent limited time with her throughout her life. J.S. spent her first four months in the hospital and then, when discharged, went to live with her grandmother. The father has had visits with the child, but he has been in jail, residential facilities, and prison for most of J.S.'s life,

and his visits with her have been limited during those periods. Additionally, the father was not able to begin caring for J.S. at the time of the termination hearing or any time in the near future. He had several months, if not several years, left on his sentence before he would be released from prison. And, while he testified he had four months of sobriety at the time of the termination hearing, that sobriety took place while he was in prison. It is unclear whether the father can maintain his sobriety once he is released. On the other hand, J.S.'s maternal grandmother has been her caretaker since she was first discharged from the hospital. J.S. is well cared for in the grandmother's home, and the grandmother is willing to provide long-term care for her. Termination of the father's rights is in J.S.'s best interests. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (identifying "a child's safety and his or her need for a permanent home as the defining elements in a child's best interests").

The father also claims he should have been given additional time to work toward reunification with J.S. For similar reasons that his best-interests argument failed, this claim also fails. The court may delay permanency for six months if the court can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.1014(2)(b). According to the father's testimony, he will still be in prison six months after the termination hearing. And even after he is released, he will need to spend another three to six months in a residential facility, where J.S. could not live with him. On top of that, the father has never provided care for J.S. and would need to prove that he can maintain his

sobriety outside of an institutional setting.  For all of these reasons, we agree with the juvenile court that additional time for reunification should not be granted.

We affirm the termination of the father's parental rights.

**AFFIRMED.**